IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHELLE LONGENECKER | : | |
|     PLAINTIFF, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | |
| STAR VIEW TRANSPORT LLC | : | |
| d/b/a P. L.WEAVER AND COMPANY, | : | |
| CENTRAL PENN CDL ACADEMY, | : | |
| And | : | |
| CENTRAL PENN CDL ACADEMY LLC, | : | |
|     DEFENDANTS, | : | Jury Trial Demanded |

## CIVIL COMPLAINT

PLAINTIFF, RICHELLE LONGENECKER, by and through undersigned counsel, hereby files this Amended Civil Action Complaint against DEFENDANTS, STAR VIEW TRANSPORT LLC d/b/a P. L.WEAVER AND COMPANY, and CENTRAL PENN CDL ACADEMY LLC, and avers the following:

### PARTIES

1. PLAINTIFF is Richelle Longenecker, who was a resident of Lancaster County, Pennsylvania at all times relevant to these allegations.

2. DEFENDANTS are Star View Transport LLC, d/b/a P.L. Weaver and Company (hereinafter "Star View"), and Central Penn CDL Academy LLC (hereinafter "Central Penn CDL who at all times relevant hereto conducts business in Lancaster County, Lancaster, Pennsylvania.

3. At all times material hereto, DEFENDANT Star View was an employer within the meaning of the applicable statutes, and PLAINTIFF was an employee.

4. At all times material hereto, DEFENDANT Central Penn CDL operated as an "Educational Program" within the meaning of the Pennsylvania Human Relations Act.

5. DEFENDANTS Star View Transport LLC d/b/a P.L. Weaver and Company, Central Penn CDL Academy, and Central Penn CDL Academy LLC are named collectively because they jointly operated, controlled, or participated in the CDL training and employment pipeline in which PLAINTIFF was enrolled; shared management, facilities, or personnel; and collectively engaged in the conduct giving rise to PLAINTIFF's claims. At all times relevant, the DEFENDANTS acted individually and/or jointly as PLAINTIFF's employer within the meaning of Title VII and the PHRA.

**NATURE OF THE CASE**

6. PLAINTIFF now brings claims against Defendants pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and the Pennsylvania Human Relations Act ("PHRA"), the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, et seq., and 43 P.S. § 951, et seq., alleging unlawful discrimination on the basis of sex/gender, and Defamation in violation of Pennsylvania State law 42 Pa. Cons. Stat. § 8343.

**JURISDICTION AND VENUE**

7. This District Court has subject matter jurisdiction over PLAINTIFF's federal claims pursuant to 28 U.S.C. § 1331, as they arise under the laws of the United States.

8. This Court has supplemental jurisdiction over PLAINTIFF's state law claims pursuant to 28 U.S.C. § 1367

9. Jurisdiction is proper in the Eastern District of Pennsylvania as PLAINTIFF was and is at all relevant times domiciled in Strasburg, Pennsylvania (Lancaster County) and DEFENDANT regularly and continuously conducts business at all relevant times in Gap, Pennsylvania (Lancaster County).

10. Venue is proper in the Eastern District of Pennsylvania as PLAINTIFF applied for employment for DEFENDANT STAR VIEW TRANSPORT in Lancaster, Pennsylvania and was an employee for DEFENDANT in Lancaster, Pennsylvania.

11. Venue is also proper because PLAINTIFF attended CDL training as a student of DEFENDANT Central Penn CDL Academy LLC in Lancaster County, Pennsylvania, and the events giving rise to her claims occurred within this District.

12. On or about July 14, 2025, PLAINTIFF received a closure letter for the case "Richelle Longenecker vs. Central Penn CDL Academy LLC PHRC no. 202401781" stating there was insufficient evidence.

13. This Complaint is timely filed pursuant to Section 12(c) of the Pennsylvania Human Relations Act, 43 P.S. § 962(c). The PHRC issued its Closure/Right-to-Sue notice advising PLAINTIFF that any court action must be filed within two years of the date of closure. PLAINTIFF has filed the present action within that statutory period.

14. On or about August 25, 2025, PLAINTIFF received a Determination of Charge from the Equal Employment Opportunity Commission ("EEOC"), Philadelphia District Office, under PHRC Case No. 202401780 and EEOC Case No. 17F-2025-60469. This action is being filed within the 90-day statute of limitations provided by the Notice of Right to Sue.

**MATERIAL FACTS**

15. On or about September 17, 2024, PLAINTIFF enrolled with DEFENDANT Central Penn CDL Academy to obtain her Commercial Driver's License ("CDL"), with classes beginning on September 23, 2024.

16. DEFENDANT Central Penn CDL operated from the same location and under the same management as DEFENDANT Star View, an organic milk hauling company located at 1004 Brackbill Road, Gap, Pennsylvania.

17. CDL students were routinely recruited and hired by DEFENDANT Star View upon successful completion of their training, establishing an integrated relationship between the school and the employer.

18. Participation in the CDL Academy training program served as a direct pathway to employment with DEFENDANT Star View.

19. PLAINTIFF was informed and reasonably believed that satisfactory completion of her coursework and training would result in continued employment as a CDL driver with DEFENDANT.

20. PLAINTIFF began training with DEFENDANT Star View in October 2024 with an agreed upon compensation rate of $20.00 per hour.

21. PLAINTIFF completed ride-along training on October 23, 2024, and October 25, 2024, with Mairin O'Gallchoir, a driving trainer for DEFENDANT Star View, but was never compensated for this work despite being entitled to $20.00 per hour for approximately fifteen hours of training.

22. During her training and schooling, PLAINTIFF was subjected to unwelcome and inappropriate conduct by multiple male employees of DEFENDANT Central Penn CDL including sexual harassment, coercion, and retaliation for objecting to such conduct.

23. Paul Ford, the Director of Education for DEFENDANT Central Penn CDL, abused his authority by coercing PLAINTIFF into providing sexually explicit photographs and creating a hostile and intimidating environment.

24. Ford further leveraged his position of power by falsely telling PLAINTIFF that he had canceled the loan she had obtained to attend the CDL academy.

25. During PLAINTIFF's training Mairin O'Gallchoir disclosed that female employees were frequently terminated at the behest of management's wives.

26. Mairin O'Gallchoir stated to PLAINTIFF that she avoided dyeing her hair out of fear of losing her job, as women had previously been fired because management's wives disapproved of them.

27. PLAINTIFF raised her issues of Gender Discrimination with management of DEFENDANT Star View and Central Penn CDL.

28. Despite maintaining satisfactory performance and qualifications, PLAINTIFF was terminated from employment with DEFENDANT Star View after her training and was wrongfully targeted with false allegations that resulted in the suspension of her CDL license.

29. PLAINTIFF was terminated from employment with DEFENDANT Star View on October 25, 2025.

30. PLAINTIFF was not compensated for her hours worked with DEFENDANT Star View.

31. DEFENDANT Central Penn CDL, through its agents and employees, submitted false and defamatory statements to federal regulators, causing PLAINTIFF to lose her employment opportunity and ability to work as a CDL driver for a period of time.

32. As a result of Defendants' actions, PLAINTIFF lost a promised employment position, suffered loss of income and benefits, and experienced significant emotional distress and damage to her career prospects.

## COUNT I
## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII")
## (AGAINST STAR VIEW TRANSPORT LLC d/b/a P. L.WEAVER AND COMPANY)

33. PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

34. To establish a *prima facie* case of gender discrimination a plaintiff must show: (1) she is a member of a protected class; (2) she was qualified for the position she sought to retain; (3) she suffered an adverse employment action, and (4) the action occurred under circumstances giving rise to an inference of discrimination. *Mandel v. M&Q Packaging Corp.*, 706 F. 3d 157, 169 (3d Cir. 2013).

35. PLAINTIFF incorporates by reference all preceding paragraphs as though fully set forth herein.

36. PLAINTIFF is a female and a member of a protected class under Title VII.

37. PLAINTIFF was qualified for her position, performed her job duties competently, and met or exceeded DEFENDANT's legitimate expectations.

38. PLAINTIFF was subjected to discriminatory treatment and was terminated from employment because of her gender and because she objected to sexual harassment in the workplace.

39. The circumstances surrounding PLAINTIFF's termination, including the pattern of hostility toward female employees and management's discriminatory animus, give rise to an inference of gender discrimination.

## COUNT II
## GENDER DISCRIMINATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")
## (AGAINST STAR VIEW TRANSPORT LLC d/b/a P. L.WEAVER AND COMPANY)

40. PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

41. The Pennsylvania Human Relations Act ("PHRA") prohibits discrimination on the basis of gender, 43 P.S. § 951 et seq.

42. PLAINTIFF is a member of a protected class as a woman.

43. DEFENDANT discriminated against PLAINTIFF based on her gender by subjecting her to adverse employment actions, including termination.

44. PLAINTIFF was qualified for her position and performed her job duties competently.

45. The circumstances surrounding PLAINTIFF's termination, including the timing support an inference that her gender was a motivating factor in the adverse employment action.

## COUNT IV
## DEFAMATION IN VIOLATION OF 42 PA. C.S. § 8343
## (AGAINST CENTRAL PENN CDL ACADEMY LLC)

46. PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

47. To plead a claim for defamation under Pennsylvania law, a plaintiff must establish: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) lack of a conditional privilege. 42 Pa. C.S. § 8343

48. Under Pennsylvania law, for a statement to be capable of defamatory meaning, the statement must do more than merely annoy or embarrass the purported victim; the purported victim must suffer the kind of harm which grievously fractures her standing in the community of respectable society. 42 Pa.C.S.A. § 8343(a). *Burton v. Teleflex Inc.*, 707 F.3d 417 (3d Cir. 2013)

49. On "December 3, 2025", Greg Barr, an employee of DEFENDANT (CENTRAL PENN CDL ACADEMY LLC) and acting as an agent of DEFENDANT executed an affidavit falsely claiming:

> *"Greg Barr, being duly sworn, deposes and states as follows under penalty of perjury:*
>
> *1.    My name is Greg Barr, I am presently 52 years old, and my current address of employment is 1004 Brackbill Rd, Gap, Pennsylvania 17527.*
> *2.    The purpose of this Affidavit is to provide information of first-hand knowledge of admitted drug use by one of our students, who is now a former student.*
> *3.    On October 15, 2024, at around 10 AM, Richelle Longenecker returned from a drug test at CNS in Lititz, PA. She admitted to me at that point that she used synthetic urine to pass the drug test."*

50. DEFENDANT submitted this affidavit on January 3, 2025 to the Federal Motor Carrier Safety Administration ("FMCSA" "FMCSA Drug and Alcohol Clearinghouse").

51. December 3, 2025, had not yet occurred when this affidavit with defamatory comments was submitted to the FMCSA. PLAINTIFF has the belief this affidavit was executed on December 3, 2024.

52. DEFENDANT's Agent, Gregory Barr received a promotion to Acting Director on or about, January 14, 2025.

53. DEFENDANTS knowingly or recklessly made false statements to third parties, including to the FMCSA, accusing PLAINTIFF of using synthetic urine for a drug test.

54. These statements were published to others without privilege and were defamatory per se as they impugned PLAINTIFF'S honesty, integrity, and fitness for her profession.

55. On or about August 11, 2025, the FMCSA reviewed PLAINTIFF'S petition and evidence she submitted and removed the violation from her ClearingHouse record.

56. However, the damage to PLAINTIFF had already been done. As a direct result of the false and defamatory statements, PLAINTIFF's commercial driver's license ("CDL") was suspended, causing her to lose several months of wages.

57. PLAINTIFF was further required to enroll in and pay for participation in a Substance Abuse Professional (SAP) Program in order to reinstate her CDL and return to work.

58. PLAINTIFF had to pay for the class in order to be back in good standing with the clearing house.

59. PLAINTIFF did not receive reimbursement for the classes after the report was removed from her driving history with the clearing house.

60. DEFENDANTS' conduct was malicious and intended to harm PLAINTIFF'S reputation.

61. As a result, PLAINTIFF suffered reputational harm, loss of employment opportunities, emotional distress, and financial loss.

**COUNT V**
**FAILURE TO PAY WAGES IN VIOLATION OF**
**PA ST 43 P.S. § 260.9**
**(AGAINST STAR VIEW TRANSPORT LLC d/b/a P. L.WEAVER AND COMPANY)**

62. PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

63. The policy of the Wage Payment and Collection Law (WPCL) is to aid an employee in the prompt collection of compensation due h[er] and to discourage an employer from using a position of economic superiority as a lever to dissuade an employee from promptly collecting his agreed compensation; consistent with this purpose, the WPCL provides a statutory remedy to ensure that employees are paid on their regular payday and, if not timely paid, to make them whole by penalizing employers who fail to pay regular wages without good cause. 43 Pa. Stat. Ann. § 260.1 et seq. *Aita v. NCB Mgmt. Servs., Inc.*, 2024 PA Super 223, 324 A.3d 611 (2024), 337 A.3d 959 (Pa. 2025).

64. PLAINTIFF worked approximately 15 hours for DEFENDANT Star View and was told she would only be compensated for her time if she showed TJ Noye an Employee of DEFENDANT Star View text messages between PLAINTIFF and the Director of DEFENDANT Central Penn CDL.

65. To date PLAINTIFF has not been paid her wages for her employment with DEFENDANT Star View.

**COUNT VI**
**SEXUAL HARASSMENT / HOSTILE EDUCATIONAL ENVIRONMENT**
**IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**("PHRA")**
**(AGAINST CENTRAL PENN CDL ACADEMY LLC)**

66. PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

67. PLAINTIFF hereby incorporates by reference each and every allegation set forth in the above paragraphs of this Complaint as though fully set forth herein.

68. The Pennsylvania Human Relations Act, 43 P.S. § 955(i)(1), prohibits discrimination and sexual harassment in "educational programs," including trade and vocational schools such as DEFENDANT Central Penn CDL Academy LLC.

69. At all times relevant hereto, Paul Ford was the Director of Education for DEFENDANT Central Penn CDL Academy LLC and acted as an agent, supervisor, and decision-maker for the institution. Ford's conduct is therefore attributable to DEFENDANT under the PHRA.

70. During PLAINTIFF's enrollment and training, Ford engaged in unwelcome, severe, and pervasive sexual harassment, including coercing PLAINTIFF into providing sexually explicit photographs and exploiting his position of authority to obtain sexual compliance.

71. Ford expressly stated to PLAINTIFF that he had canceled her Liberty student loan balance, a loan PLAINTIFF took out in order to pay for her CDL program.

72. This communication, disguised as a "favor," was in fact a quid-pro-quo demand leveraging financial power over PLAINTIFF's future, creating an environment of coercion, obligation, and intimidation. Ford's actions represent a blatant abuse of authority in violation of the PHRA.

73. Ford's coercive conduct was unwelcome, nonconsensual, and interfered with PLAINTIFF's ability to participate in, benefit from, and complete her CDL training

program. His behavior was sufficiently severe to alter the terms, conditions, and privileges of PLAINTIFF's educational experience and created a hostile educational environment.

74. DEFENDANT Central Penn CDL Academy LLC knew or should have known of Ford's conduct and failed to take prompt or adequate remedial action.

## PRAYER FOR RELIEF

75. WHEREFORE, PLAINTIFF, Richelle Longenecker, respectfully requests that this Honorable Court enter judgment in her favor and against DEFENDANTS Star View Transport LLC d/b/a P.L. Weaver and Company, Central Penn CDL Academy, and Central Penn CDL Academy LLC, and the Court, award PLAINTIFF actual damages for the loss of revenue, including back-pay, differential pay, future earnings and lost benefits with interest; compensatory damages for distress, lost career, embarrassment, and humiliation; punitive damages; costs of this action and reasonable attorney's fees, and all other relief which PLAINTIFF may appear entitled or which the Court deems appropriate and just.

                                          **STARK LAW GROUP, LLC**

                                          By:_____/s/ Alexis Conrad___
                                          Alexis Conrad
                                          Attorney Bar No: 335686
                                          1370 Harrisburg Pike
                                          Lancaster, PA 17601
                                          Phone: 717-844-6350
                                          Email:alexis@starklawllc.com

DATE: 11/17/2025